The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request for an opinion on whether the General Assembly can amend A.C.A. § 15-23-313(a)(1)(C) to include, as a part of the Arkansas Natural and Scenic Rivers System, that portion of the Saline River upstream from the Grant County line to the headwaters in Saline and Garland Counties, without complying with the existing provisions of the "Arkansas Natural and Scenic Rivers System Act" (A.C.A. §§ 15-23-301
through -315 (Repl. 1994)), which require recommendation of a particular river for inclusion in the system by the Arkansas Natural and Scenic Rivers Commission, the input of county officials and the creation of an advisory committee, the drawing up of a management plan and a public hearing.
It is my opinion that the answer to your question is "yes," the General Assembly can amend A.C.A. § 15-23-313(a)(1)(C) to include this portion of the Saline River without the necessity of complying with the other requirements of A.C.A. §§ 15-23-301 through -315.
The particular statute you reference, A.C.A. § 15-23-313, provides in pertinent part that: "[n]otwithstanding any other provisions of this subchapter, the following segments of rivers or streams are designated as components of the Arkansas Natural and Scenic Rivers System. . . ." Currently included by this statute as a component of the system is the Saline River from its confluence with the Ouachita River to the Grant County line. A.C.A. § 15-23-313(a)(1)(C). Your question is whether this specific designation may be amended to include that portion of the Saline River from the Grant County line to the headwaters of the River. Other sections in the subchapter create the "Arkansas Natural And Scenic Rivers Commission, and empower it to survey, evaluate and assess the rivers to be considered for designation as components in the system, and to recommend to the General Assembly rivers to be considered for inclusion in the system under a procedure set out at A.C.A. § 15-23-311 which procedure includes the establishment of an advisory committee and the development of a management plan for particular proposed rivers. The statute about which you inquire, however, designates certain rivers as a part of the system by purely state legislative action. In fact, A.C.A. §15-23-313(a)(2) provides that the "requirement of establishing an advisory committee or developing a management plan as specified in §§15-23-308, 15-23-311, and 15-23-312 are waived for the segments of rivers or streams designated as components of the Arkansas Natural and Scenic Rivers System pursuant to this section." Although this provision excepts these enumerated rivers from the establishment of an advisory committee and the development of a management plan only, and would thus not appear to expressly exempt these rivers or portions of rivers from the recommendation requirement of the Commission, it is my opinion, reading the statute as a whole, especially the introductory language of the statute stating "notwithstanding any other provisions of this subchapter, the following segments of rivers or streams are designated as components of the . . . System" that the General Assembly may amend A.C.A. § 15-23-313 to include other rivers or portions or rivers without the necessity of following the recommendation procedure of the Commission. It is obvious that the General Assembly intended, when it enacted this subchapter, to specifically designate certain rivers and portions of rivers for inclusion in the system and to provide a mechanism for the inclusion of other rivers. It does not appear that by creating a procedure for the inclusion of other rivers, the General Assembly has limited itself in the power to directly designate certain rivers. It has been stated in this regard that the General Assembly possesses all legislative powers not prohibited by the state constitution or reserved to the federal government. See, e.g., Wells v. Purcell, 267 Ark. 456,592 S.W.2d 100 (1979). It would not appear that the power vested by the General Assembly in a Commission to recommend to the General Assembly which rivers to include in the system could rise above the power of the General Assembly to ultimately adopt or reject a river as a part of the system. Additionally, the provisions of A.C.A. § 15-23-313 in my opinion make clear that the General Assembly has retained the power to itself include, without the necessity of going through the Commission procedures, certain rivers and portions of rivers in the system.
It is therefore my opinion that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh